UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TUOLOMNE COUNTY, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:21-cv-00196-KES-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED**<br><br>(Doc. 61) |

Plaintiff Christopher John Wilson, a state prisoner and previous county detainee, is proceeding pro se and *in forma pauperis* in this civil rights action. This case proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.

**I.　　INTRODUCTION**

On November 19, 2024, Defendant Son filed a Notice of Stay. (Doc. 61.) The notice concerns bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, regarding Wellpath Holdings, Inc. and some of its debtor affiliates. That court issued an order (referred to as the "PC Stay Order") on November 14, 2024, imposing a stay on litigation involving Wellpath Holdings, Inc. or its debtor affiliates, including Defendant Son's employer, Wellpath CFMG, Inc. The PC Stay Order cites to section 362 of Title 11 of the

United States Bankruptcy Code. Defendant Son asserts that "[a]s a result of the extension of the automatic stay to the Defendant, all parties are stayed from any further continuation of these proceedings until such time as the Bankruptcy Court may order otherwise."

On December 4, 2024, Plaintiff filed a document titled "Motion for Defendants To Pay all Debt, Honor, Satisfy, Obligations." (Doc. 62.) Regarding Defendant Son's notice, Plaintiff asks what the notice means in layman's terms and whether he is "going to get what [he] asked for." He states it is not his "fault that the Defendants went bankrupt" and contends "defendants are obligated to pay [him] or put a lien on all Defendants property assets, and such, till they pay in full upon debt, satisfy all obligations of the court action and proceedings."

## II.    DISCUSSION

Plaintiff is advised Defendant Son's Notice of Stay filed November 19, 2024, seeks to operate as a stay or "hold" of these proceedings until further order of the bankruptcy court.[1] To the extent Plaintiff asserts any Defendant in this action is obligated "to pay" him, he is mistaken. This Court has not issued any ruling awarding damages to Plaintiff from either Defendant Son or Defendant Teague. While Plaintiff has alleged he is entitled to damages, those allegations have not been proven. This action has not yet moved into the discovery phrase and any merits-based decision regarding Plaintiff's claims against Defendants would not occur until discovery has been completed. In any event, this Court is not persuaded Defendant Son's notice requires it to stay these proceedings in their entirety.

In this circuit, section 362(a) does not empower bankruptcy courts to stay proceedings against non-debtor defendants, like Defendant Teague. *See In re Miller*, 262 B.R. 499, 503-04 & n.6 (B.A.P. 9th Cir. 2001); *In re Silverman*, 616 F.3d 1001, 1005 n.1 (9th Cir. 2010) (holding that non-bankruptcy courts should "treat the BAP's decisions as persuasive authority given its special expertise in bankruptcy issues and to promote uniformity of bankruptcy law throughout the Ninth

---

[1] Section 362(a)(1) stays the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Pursuant to 11 U.S.C. § 362(a) all actions against a defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed. *Sternberg v. Johnston*, 559 F.3d 937, 943 (9th Cir. 2010).

Circuit"); *see also Acosta v. Valley Garlic, Inc.*, No. 1:16-cv-01156-AWI-EPG, 2017 WL 3641761, at *1, n.1 (E.D. Cal. Aug. 24, 2017), on reconsideration, No. 1:16-cv-01156-AWI-EPG, 2018 WL 288017 (E.D. Cal. Jan. 4, 2018) (citing *In re Miller* and declining to stay proceedings against non-debtor defendants). Because the Court is persuaded by *In re Miller*, it declines to stay the case against the non-debtor Defendant Officer Teague pursuant to 11 U.S.C. § 362(a).

District courts have the inherent power to stay a lawsuit. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). If an independent and related case is pending, in certain circumstances federal courts may stay the instant suit while the independent proceeding moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

To determine whether a *Landis* stay is appropriate, courts weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a *Landis* stay (4) cannot be imposed only for judicial economy and (5) cannot be indefinite and result in undue delay. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67. A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Leyva*, 593 F.2d at 863.

### III.   CONCLUSION AND ORDER

In light of the pending bankruptcy proceedings, it is **HEREBY ORDERED** that:

1. **Within 21 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing why the entire action should not be stayed until the bankruptcy proceeding in the related case is resolved. Plaintiff shall address the five *Landis* factors identified above to the best of his ability; and

//
//
//
//

2. **Within 21 days** of the date of service of this order, Defendant Teague **SHALL** file written notice advising the Court of his position regarding a stay of these proceedings pursuant to *Landis*.

IT IS SO ORDERED.

Dated:   **December 9, 2024**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

4