UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TUOLOMNE COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00196-KES-SKO (PC)<br><br>**ORDER STAYING ACTION**<br><br>(Docs. 61, 62, 65, 68) |

Plaintiff Christopher John Wilson, a state prisoner and previous county detainee, is proceeding pro se and *in forma pauperis* in this civil rights action. This case proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.

**I.　　BACKGROUND**

On April 22, 2024, Defendant Teague filed an answer to the operative complaint. (Doc. 43.) On June 10, 2024, Defendant Son filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 46.) Plaintiff filed an opposition on July 12, 2024 (Doc. 49)[1] and Defendant Son replied on July 26, 2024 (Doc. 51).

---

[1] The pleading is titled "Motion to Proceed with Complaint against Dr. Son and Officer Mr. Teague." Despite the title, it is responsive to Defendant Son's motion to dismiss.

On November 19, 2024, Defendant Son[2] filed a Notice of Stay based on the bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, in "lead Case No. 24-90533-(ARP)." (Doc. 61 at 3.) On December 4, 2024, Plaintiff filed a document titled "Motion for Defendants To Pay all Debt, honor, satisfy, obligations." (Doc. 62.)

In response to the November 19, 2024, and December 4, 2024, submissions, the Court issued its Order to Show Cause (OSC) Why Case Should Not Be Stayed on December 10, 2024. (Doc. 64.) Within 21 days, Plaintiff was directed to show cause why the entire action should not be stayed until the bankruptcy proceedings were resolved, addressing "the five *Landis*[3] factors … to the best of his ability," and Defendant Teague was directed to notify the Court of his position regarding a stay of the proceedings pursuant to *Landis*. (*Id*. at 3-4.)

Plaintiff responded to the OSC on December 27, 2024. (Doc. 65.) Plaintiff states he "will not suffer hardship" and "approve[s of] the stay" considering his recent understanding that a stay of these proceedings does not equate to a dismissal of his claims in this action. (*Id*.) Defendant Teague responded to the OSC on December 31, 2024, stating he "does not oppose a stay as to Wellpath, and defers to the Court's discretion to determine whether to stay the case as to Deputy Teague." (Doc. 68.) Teague further states he "does not anticipate there is a fair possibility a stay will cause damage, or that there will be hardship or inequity if a stay is not imposed." (*Id*. at 2.) Teague states that Plaintiff's claims for deprivation of medical care against Dr. Son and excessive force against Deputy Teague appear to be factually and temporally distinct" and the action against Teague "may proceed unaffected by the Wellpath stay." (*Id*.)

The Court entered a minute order on January 13, 2025, directing Defendant Son to notify the Court, no later than January 21, 2025, regarding the outcome of a January 14, 2025, hearing in the proceedings before the United States Bankruptcy Court for the Southern District of Texas on Debtor-Defendant Wellpath, LLC's Motion to Extend the Automatic Stay. (*See* Doc. 69.)

---

[2] Defendant Son is a physician employed by Wellpath CFMG, Inc. to provide care to county jail inmates in Tuolumne.

[3] *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936).

1        Following submission of a status report by Defendant Son on January 21, 2025, (Doc. 70),

2 the Court entered a minute order on January 23, 2025, directing Defendant Son to notify the

3 Court of the outcome of the additional proceedings to be heard in the bankruptcy action on

4 February 18, 2025. (Doc. 69.)

5        On February 27, 2025, Defendant Son submitted a status report on February 27, 2025.

6 (*See* Docs. 72, 73.) In the report, Defendant Son advised that the United States Bankruptcy Court

7 for the Southern District of Texas

8
9
10
11
12
13
> approved the Amended PC Order (see Docket No. 1473 attached as Exhibit A) on a final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, and the Court made a bench ruling that the Court would approve the Amended Stay Extension Order on a final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, pending removal of former customers and former clients from the relief granted therein. After hearing from various objecting parties and parties-in-interest, the Court also approved the Final Omnibus Stay Order.

14 (Doc. 73 at 2.) Defendant Son states "[t]he Amended PC Stay Order extends the automatic [stay]"

15 to the Professional Corporations, the Professional Corporations' licensed physicians … and …

16 medical staff and employees <u>until the earlier of (a) the effective date of a confirmed chapter 11</u>

17 <u>plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025</u>, without

18 prejudicing the Debtors' right to seek a further extension of the stay." (*Id.* at 3, emphasis in

19 original.)

20     **II.**     **DISCUSSION**
21         ***An Automatic Stay of These Proceedings is Appropriate in Light of the Automatic Stay in the Southern District of Texas Bankruptcy Case***

22        The Court will stay these proceedings pending the outcome of the bankruptcy proceedings

23 in the United States Bankruptcy Court for the Southern District of Texas, as those proceedings

24 require an automatic stay of these proceedings given Defendant Son's employment with a

25 Wellpath entity. *See Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009) ("'[S]uch

26 extensions, although referred to as extensions of the automatic stay, [are] in fact injunctions

27 issued by the bankruptcy court after hearing and the establishment of unusual need to take this

28 action to protect the administrative of the bankruptcy estate," quoting *In re Chugach Forest*

3

*Prods., Inc.*, 23 F.3d 241, 247 (9th Cir. 1994); *Phillips 66 Co. v. California Pride, Inc.*, No. 1:16-cv-01102-LJO-SKO, 2017 WL 2875736, at *4 (.E.D. Cal. July 6, 2017), findings and recommendations adopted, 2017 WL 3382974 (E.D. Cal. Aug. 7, 2017); *In re: MBE Digital, Inc*. No. BAP CC-16-1121-FMCTA, 2016 6699313, at *4 (B.A.P. 9th Cir. Nov. 9, 2016).

*A Stay of These Proceedings is Also Appropriate Pursuant to Landis*

Even presuming the bankruptcy proceedings in Texas affected a stay only as to Defendant Son, this Court finds a stay of the proceedings is appropriate pursuant to *Landis*.

District courts have the inherent power to stay a lawsuit. *Landis*, 299 U.S. at 254-55. To determine whether a *Landis* stay is appropriate, courts weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). First, neither Plaintiff nor Defendant Teague anticipate a fair possibility that a stay will cause damage. Second, neither Plaintiff nor Defendant Teague anticipate hardship or inequity if a stay is not imposed. Third, Defendant Teague asserts it is not clear whether a stay of all proceedings would contribute to the orderly course of justice because Plaintiff's claim against Teague appears to be factually and temporally distinct allowing for it to proceed unaffected by the bankruptcy stay. Plaintiff simply replied "No" in response to this *Landis* factor.

Next, the Court addresses the additional authority providing that a *Landis* stay cannot be imposed for judicial economy only and cannot be indefinite and result in undue delay. *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Here, judicial economy is not the only factor weighing in favor of a stay. The Wellpath bankruptcy proceedings impact these proceedings and two of Plaintiff's three claims in particular. And while the Court cannot predict the length any stay, a stay in this action will not be indefinite and result in undue delay. The bankruptcy proceedings are active and ongoing. Additionally, Defendant Son will be directed to keep the Court updated every 60 days concerning the status of those proceedings. *See also Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863 (9th Cir. 1979) (a stay may be the most efficient and fairest course when there are "independent

4

proceedings which bear upon the case").

In sum, a stay of these proceedings is appropriate.

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

1. Plaintiff's claims and these proceedings are **STAYED** pending the outcome of the bankruptcy proceedings in case number 24-90533 in the United States Bankruptcy Court for the Southern District of Texas;

2. Defendant Son's Motion to Dismiss (Doc. 46) filed June 10, 2024, is held in abeyance given the stay of these proceedings. The motion will be addressed after the stay of the proceedings is lifted;

3. Defendant Son **SHALL** file a status report with the Court every 60 days, commencing with the date of this order, addressing the status of the bankruptcy proceedings in case number 24-90533 in the United States Bankruptcy Court for the Southern District of Texas; and

4. In the event the bankruptcy court's injunction is lifted, of that occurrence **within 7 days**.

IT IS SO ORDERED.

Dated:   **March 20, 2025**                     /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE

5