UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>TUOLOMNE COUNTY, et al.,<br><br>Defendants. | Case No. 1:21-cv-00196-KES-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF JULY 8, 2025**<br><br>(Doc. 77)<br><br>**RESPONSE DUE BY JULY 31, 2025** |

Plaintiff Christopher John Wilson, a state prisoner and previous county detainee, is proceeding pro se and *in forma pauperis* in this civil rights action. This currently case proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.

**I.    BACKGROUND**

On April 22, 2024, Defendant Teague filed an answer to the operative complaint. (Doc. 43.) On June 10, 2024, Defendant Son filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 46.) Plaintiff filed an opposition on July 12, 2024 (Doc. 49)[1] and Defendant Son replied on July 26, 2024 (Doc. 51).

---

[1] The pleading is titled "Motion to Proceed with Complaint against Dr. Son and Officer Mr. Teague." Despite the title, it is responsive to Defendant Son's motion to dismiss.

On November 19, 2024, Defendant Son[2] filed a Notice of Stay based on the bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, in lead Case No. 24-90533-(ARP), *In re Wellpath Holdings, Inc*. (Doc. 61 at 3.)  On December 4, 2024, Plaintiff filed a document titled "Motion for Defendants To Pay all Debt, honor, satisfy, obligations." (Doc. 62.) This matter was briefly stayed pending the outcome of the Texas bankruptcy proceedings (*see* Doc. 74) and the stay was lifted on May 27, 2025 (Doc. 76 [Minute Order]).

On July 8, 2025, Plaintiff filed a document titled "Motion: Proof of Claim to Pursue Rights & Opt Out from Third Party." (Doc. 77.)

## II.   DISCUSSION

Plaintiff requests that his "case and right to go forth but" he wants "to opt out of the third party" and to proceed "with [his] own case." (Doc. 77 at 1.) Plaintiff states he "would have sent a copy of this [motion] to the bankruptcy court" but he does not have an address. (*Id*.) Lastly, Plaintiff advises he sent a copy to the Gordon Rees Scully Mansukhani firm "on behalf of [their] client" Defendant Son. (*Id*.)

It is unclear whether Plaintiff's motion seeks to dismiss Defendant Son from this action and to proceed only on Plaintiff's Eighth Amendment excessive force claim against Defendant Teague, or if Plaintiff is notifying the Court that he did not intend to participate in any bankruptcy proceedings involving Defendant Son's employer Wellpath CFMG, Inc.

If Plaintiff wishes to dismiss Defendant Son from this action, Plaintiff will be directed to advise the Court, no later than July 31, 2025. He may do so by filing a motion to voluntarily dismiss Defendant Son from this action and specifically state his willingness to proceed *only* on his Eighth Amendment excessive force claim against Defendant Teague.[3] If Plaintiff does not file this motion, the Court will conclude that Plaintiff simply intended to notify the Court of his intent

---

[2] Defendant Son is a physician employed by Wellpath CFMG, Inc. to provide care to county jail inmates in Tuolumne.

[3] Defendants would then be required to file an opposition or statement of non-opposition to Plaintiff's motion as provided for in Local Rule 230(*l*).

not to participate in the Texas bankruptcy proceedings and will consider Plaintiff's motion resolved.[4]

### III. CONCLUSION AND ORDER

Accordingly, this Court **HEREBY ORDERS** as follows:

1. If Plaintiff seeks to dismiss Defendant Son from this action and to relinquish his Eighth Amendment claims against Defendant Son, **no later than July 31, 2025**, Plaintiff **SHALL** file a document titled "Motion to Voluntarily Dismiss Defendant Son from this Action," requesting that Defendant Son be dismissed from this case and indicating his wish to proceed *only* against Defendant Teague on his Eighth Amendment excessive force claim; *or*

2. If Plaintiff intended only to notify this Court that he will not participate in the Texas bankruptcy proceedings involving Defendant Son's employer Wellpath CFMG, Inc., *no further action is required* by Plaintiff and the Court will consider this motion resolved.

IT IS SO ORDERED.

Dated:   **July 10, 2025**                    /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE

---

[4] In that event, Defendant Son's motion to dismiss would remain pending and will be decided in due course.