UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>TUOLOMNE COUNTY, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00196-KES-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT SON'S MOTION TO DISMISS**<br><br>(Doc. 46)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Christopher John Wilson, a state prisoner and previous county detainee, is proceeding pro se and *in forma pauperis* in this civil rights action. Following screening, this action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.[1]

**I.  BACKGROUND**

Defendant Son filed a motion to dismiss Plaintiff's second amended complaint on June 10, 2024. (Doc. 46.) Plaintiff filed an opposition (Doc. 49), and Defendant filed a reply (Doc. 51).

---

[1] Previously named defendants, Tuolumne County, State, City of Sonora, Tuolumne County Jail, and County Board of Supervisors, were terminated from the docket on February 10, 2024, as those entities were not named in Plaintiff's second amended complaint. (Doc. 36.) That same date, the Court granted Plaintiff's request to dismiss previously named defendants Pooley, McCraig, and Ransom. (*Id*.) Defendants Son and Teague are the only remaining defendants in this action.

1  Before the undersigned could address the motion, this matter was stayed pending the outcome of
2  bankruptcy proceedings involving Defendant Son's employer in the United States Bankruptcy
3  Court for the Southern District of Texas, Houston Division. (*See* Doc. 61; *see also* Docs. 64-65,
4  68-74.)

5  On May 27, 2025, this Court lifted the stay of these proceedings and subsequently
6  confirmed Plaintiff's intention to proceed with his claims against both Defendants Son and
7  Teague. (*See* Docs. 76, 78, 80.)

**II.    SUMMARY OF THE BRIEFING**

*Defendant Son's Motion (Doc. 46)*

Defendant Son moves to dismiss Plaintiff's claims as time barred by the applicable statute of limitations. Son contends California Code of Civil Procedure section 340.5 applies to Plaintiff's claims. Son states that calculating from December 16, 2019, the date Plaintiff learned the fracture in his right hand had not healed, Plaintiff's initial complaint filed February 16, 2021, was filed "well past the applicable statute of limitations." Son asks the Court to dismiss Plaintiff's claims as time barred and without leave to amend.

*Plaintiff's Opposition (Doc. 49)*

Briefly stated,[2] Plaintiff contends he tried to comply with the Tuolumne County Jail's grievance procedures before filing his complaint, but grievance procedures were biased and unavailable. He asserts that he "first notified" facility staff of his slip and fall injury on November 11, 2019, "that it was hard to write, hand all swollen and need x-rays, and emergency, Hospital." Plaintiff maintains that x-rays taken on November 13, 2019, confirmed his hand was broken, and therefore, "Dr. Son or even the County Jail" would have knowledge of his need for medical care.

*Defendant Son's Reply (Doc. 51)*

Defendant Son contends Plaintiff's response is untimely and should not be considered and Plaintiff failed to address the substance of his motion, effectively conceding his claims are subject

---

[2] This Court will not summarize Plaintiff's arguments regarding the merits of his claims and will instead focus on those arguments relevant to the timing of the filing of his original complaint and to the related procedures. The Court will also disregard the exhibits attached to Plaintiff's opposition. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).

2

1  to dismissal. Finally, Son contends Plaintiff improperly includes new allegations and facts that
2  should not be considered by the Court.

### III. APPLICABLE LEGAL STANDARDS

*Motions to Dismiss*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

*Statute of Limitations*

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). The Ninth Circuit has reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings. *See Cervantes v.*

1  *City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); *Emrich v. Touche Ross & Co.*, 846 F.2d
2  1190, 1199 (9th Cir. 1988); *Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987).

3        "Section 1983 and most related federal civil rights statutes have no independent statute of
4  limitations. Instead, the applicable limitation period is determined by borrowing the forum state's
5  limitation period, including its tolling provisions, for the most analogous personal injuries." *Ellis*
6  *v. City of San Diego, Cal.*, 176 F.3d 1183, 1188 (9th Cir. 1999).

7        California's two-year statute of limitations for personal injury actions applies to section
8  1983 claims. Cal. Civ. Proc. Code § 335.1; *Butler v. Nat'l Cmty. Renaissance of California*, 766
9  F.3d 1191, 1198 (9th Cir. 2014). In addition, California Code of Civil Procedure section 352.1(a)
10 provides an extra two years for those imprisoned "for a term less than for life" when the cause of
11 action accrues.

12     **IV.    DISCUSSION**

13         *Procedural Background*

14       Plaintiff's original complaint was filed on February 16, 2021. (Doc. 1.) In the First
15 Screening Order issued February 3, 2022, the Court found Plaintiff's complaint failed to state a
16 claim upon which relief could be granted and violated Rule 8 of the Federal Rules of Civil
17 Procedure. (Doc. 18.)[3] Plaintiff was granted leave to file an amended complaint to cure the
18 deficiencies in his pleading. (*Id.* at 6.)

19       In his first amended complaint, Plaintiff alleged he broke his hand on November 11, 2019,
20 following a slip and fall "due to an ongoing leaky shower, flooding the floor" in the county jail.
21 (Doc. 22 at 5.) He also alleged that between November 11 and December 16, 2019, he did not
22 receive "[prompt] care or hospital" care for his injury, was taken to Sonora to see a physician for
23 the first time on December 16, 2019, and underwent surgery on February 19, 2020. (*Id.*) In its
24 Second Screening Order, the Court found Plaintiff plausibly alleged Eighth Amendment failure to
25 protect and deliberate indifference to serious medical needs claims against Defendant Son (Doc.
26 28 at 11-12), and Plaintiff was granted leave to file an amended complaint to cure the deficiencies

27

28 [3] The original complaint was replete with legal jargon and lacked the necessary factual allegations.

4

identified in three of his five other claims (*id*. at 14).

In his second amended complaint, Plaintiff's first claim for relief concerned Defendant Son.[4] (Doc. 32 at 4-9.) In its Third Screening Order issued February 1, 2024, Plaintiff's factual allegations include reference to "a November 13, 2019, x-ray that verified Plaintiff's 'hand was in fact broken'" and Plaintiff's treatment by "a bone specialist" on December 16, 2019. (Doc. 36.)

*Analysis*

As an initial matter, this Court finds that Plaintiff's opposition is timely. Defendant Son's motion was filed June 10, 2024, and Plaintiff's opposition was due 21 days later, on July 1, 2024. *See* Local Rule 230(*l*). Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, Plaintiff is allowed an additional three (3) days following service made by mail, extending the applicable deadline to July 4, 2024. As July 4 was a legal holiday, the deadline was extended to the following day, Friday, July 5, 2024—the date Plaintiff signed his opposition. (*See* Doc. 49.) And, pursuant to the prison mailbox rule, a pleading by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions). Thus, Plaintiff's opposition was timely filed.

Next, Defendant Son contends Plaintiff's complaint is time barred pursuant to California Code of Civil Procedure section 340.5. That section concerns actions against health care providers and provides, in pertinent part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of an action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

Cal. Civ. Proc. Code, § 340.5. Specifically, Defendant contends that "Plaintiff was at the very latest well aware of the injury to his hand on December 16, 2019, when Dr. Son sent him to a

---

[4] Plaintiff's remaining claim against Defendant Teague is not relevant to the Court's determination of the instant motion.

5

1 specialist" and, therefore, the statute of limitations expired one year later, on December 16, 2020.
2 (Doc. 46 at 7-8.) Because Plaintiff's original complaint was filed on February 16, 2021,
3 Defendant alleges Plaintiff failed to timely file his complaint.

Section 352.1 provides

> If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code, § 352.1(a). Because Plaintiff was incarcerated at the Tuolumne County Jail at the time his claim arose and he was not sentenced to a life term,[5] he is entitled to an additional two years of tolling. Cal. Civ. Proc. Code, § 352.1; *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (for a prisoner incarcerated for a term less than life, section 352.1 tolls the statute of limitations for two years); *see also Allen v. Barnes*, No. 98-56390, 2000 WL 1782745 at *2 (9th Cir. Dec. 5, 2000 [Memorandum]) ("there can be no doubt that Allen's entitlement to tolling began because he was in jail, but not serving a life sentence, 'at the time the cause of action accrued'"); *Smith v. Corizon Healthcare*, No. 1L16-cv-00461-DAD-EPG-PC, 2016 WL 3538350, at *6 (E.D. Cal. June 28, 2016) (finding civil detainee's claim of professional negligence was not time barred because "[s]ection 352.1 can toll the statute of limitation period if Plaintiff is incarcerated"), recommendation adopted, 2016 WL 4679712 (E.D. Cal. Sept. 7, 2016).

Additionally, the Court notes that section 340.5, California's Medical Injury Compensation Reform Act (MICRA), has no application to suits for violations of federal constitutional rights pursuant to section 1983. *Ellis*, 176 F.3d at 1191; *see also Belton v. Bowers Ambulance Service*, 20 Cal.4th 928, 934 (1999) ("Neither the text of section 340.5, nor its purpose, supports complete negation of section 352.1 in MICRA cases").

---

[5] The Court may take judicial notice of public information stored on the California Department of Corrections and Rehabilitation's inmate locator website. *See, e.g., In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014). The California Incarcerated Records and Information Search (CIRIS) tool reflects Plaintiff was admitted to the custody of CDCR on March 12, 2021, and first became eligible for parole in November 2023. *See* https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BN1905, last accessed 8/8/2025.

In sum, whether employing November 11, 2019, or December 16, 2019, as the date Plaintiff's claim accrued, Plaintiff's February 16, 2021, complaint was timely filed in this section 1983 case. Cal. Civ. Proc. Code, § 352.1; *Ellis*, 176 F.3d at 1191. Plaintiff's action is not time barred by the applicable statute of limitations. Therefore, Defendant Son's motion should be denied.

## V.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **HEREBY RECOMMENDS** that:

1. Defendant Son's motion to dismiss (Doc. 46) be **DENIED**; and
2. Defendant Son be **DIRECTED** to file an answer to Plaintiff's operative complaint within twenty-one (21) days of any order adopting these findings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 12, 2025**                        /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE