UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON, | Case No. 1:21-cv-00196-KES-SKO (PC) |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION FILED FEBRUARY 17, 2026** |
| v. | (Doc. 107) |
| TUOLOMNE COUNTY, et al., | |
| Defendants. | |

Plaintiff Christopher John Wilson, a state prisoner and previous county detainee, is proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.

**I.      RELEVANT BACKGROUND**

On January 21, 2026, Defendant Son and Defendant Teague filed separate motions for summary judgment, each alleging Plaintiff has failed to exhaust his administrative remedies. (Docs. 98 & 99.) On February 9, 2026, Plaintiff filed an opposition.[1] (Doc. 105.) On February 17, 2025, Defendant Son filed a reply.[2] (Doc. 106.) That same date, Plaintiff filed a document titled

---

[1] The filing is titled "Motion to respond not to dismiss Justin Teague case." (Doc. 103 at 1.) A brief review of the filing reveals it primarily concerns Plaintiff's excessive force claim against Defendant Teague.
[2] As of this date, the deadline for filing a reply to Plaintiff's opposition has not yet passed. *See* Local Rule

"Motion to Respond To Opposing Defendants Judgement" (Doc. 107) and a notice of change of address form (Doc. 108).

## II.    DISCUSSION

Plaintiff's filing states he filed his opposition "to both Defendants summary of Judgement showing proof" of exhaustion. (Doc. 107 at 1.) Plaintiff asserts Defendants are "trying to manipulate [maneuver] around this case" by trying multiple times to have the case dismissed. (*Id*. at 2.) He states Defendants "are and shall be liable" in this action. (*Id*.) Plaintiff also states he responded to Defendants' interrogatories and requests for admissions. (*Id*.) He states Defendants are not entitled to judgment and that the case should proceed unless Defendants wish to settle. (*Id*.) Next, Plaintiff asks whether he has "to send all discovery pertaining to both Defendants" to the Court. (*Id*.) Finally, Plaintiff asserts he has complied with the Court's orders and asks the Court not to dismiss the action. (*Id*. at 3.)

First, the Court acknowledges Plaintiff's opposition to summary judgment on exhaustion was filed on February 9, 2026. Once the period for filing a reply has passed, the motions will be considered fully briefed and deemed submitted. No further briefing will be permitted. See Local Rule 230(*l*). This Court is one of the busiest district courts in the nation, all judges carry heavy caseloads and the pending motions will be decided in due course.

Second, regarding Plaintiff's comment on Defendants' efforts to have the case dismissed, while Defendant Teague filed an answer to Plaintiff's second amended complaint, Defendant Son filed a motion to dismiss in June of 2024. A motion to dismiss is an appropriate responsive pleading in a section 1983. Fed. R. Civ. P. 12(b), and filing a motion to dismiss does not amount to manipulation or maneuvering. After the bankruptcy-related stay of these proceedings was lifted, Defendant Son also filed an answer to the complaint.[3]

Third, while Plaintiff believes Defendants are liable, that determination has not yet been made. Plaintiff successfully pled his claims after the screening of his complaints but the merits of

---

230(*l*).

[3] Because Defendant Son filed an answer, the undersigned withdraw the previously issued Findings and Recommendations to Deny Defendant Son's Motion to Dismiss. (*See* Doc. 83.)

those claims have not yet been tested.[4]

Next, regarding Plaintiff's statement that he responded to Defendants' discovery requests and his question whether he should send the discovery to the Court, Plaintiff is advised that he should not do so. As the First Informational Order in Prisoner/Civil Detainee Civil Rights Case indicates, "Except in the case of a discovery dispute …, parties are not to file copies of their discovery requests with the Court." (Doc. 5 at 4.) Here, discovery is ongoing and no motion to compel discovery has been filed by any party. Unless a party moves to modify the scheduling order issued October 21, 2025, discovery will continue through March 21, 2026. (Doc. 92.) The deadline for filing dispositive motions—where submitting certain discovery responses or materials may be relevant as exhibits to support a party's position—is set for May 22, 2026. (*Id.*)

Finally, in October 2025, Defendants Son and Teague elected not to participate in an early settlement conference which is their prerogative. However, should all parties agree to participate in a settlement conference moving forward, defense counsel may contact the undersigned's courtroom deputy about scheduling a settlement conference.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that Plaintiff's motion filed February 17, 2026 (Doc. 107) is **RESOLVED**.

The undersigned will issue Findings and Recommendations on the pending motions for summary judgment concerning exhaustion in due course.

IT IS SO ORDERED.

Dated:    **February 19, 2026**                    /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE

---

[4] *See, e.g., Porter v. Rivas*, No. 1:33-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").