UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON, <br><br> Plaintiff, <br><br> v. <br><br> TUOLOMNE COUNTY, et al., <br><br> Defendants. | Case No. 1:21-cv-00196-KES-SKO (PC) <br><br> **ORDER STRIKING PLAINTIFF'S MOTION FILED MARCH 9, 2026** <br><br> (Doc. 112) <br><br> **ORDER DIRECTING PLAINTIFF TO CEASE FILING UNNECESSARY NOTICE OF CHANGE OF ADDRESS FORMS** |

Plaintiff Christopher John Wilson, a state prisoner and previous county detainee, is proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.

## I.      RELEVANT BACKGROUND

On January 21, 2026, Defendant Son and Defendant Teague filed separate motions for summary judgment, each alleging Plaintiff has failed to exhaust his administrative remedies. (Docs. 98 & 99.)  On February 9, 2026, Plaintiff filed an opposition.[1] (Doc. 105.)  On February 17, 2025, Defendant Son filed a reply to Plaintiff's opposition. (Doc. 106.)

---

[1] The filing is titled "Motion to respond not to dismiss Justin Teague case." (Doc. 103 at 1.) A brief review of the filing reveals it primarily concerns Plaintiff's excessive force claim against Defendant Teague.

On February 17, 2025, Plaintiff filed a document titled "Motion to Respond to Opposing Defendants Judgement" (Doc. 107) and a notice of change of address form (Doc. 108). On February 19, 2026, the Court issued its Order Regarding Plaintiff's Motion Filed February 17, 2026. (Doc. 109.) The order acknowledged Plaintiff filed an opposition on February 9, 2026, stating that "[o]nce the period for filing a reply has passed, the motions will be considered fully briefed and deemed submitted. *No further briefing will be permitted.*" (*Id*. at 2, emphasis added.) On February 20, 2026, Defendant Teague filed a reply to Plaintiff's opposition. (Doc. 110.)

On March 9, 2026, Plaintiff filed another change of address form (Doc. 111) and a document titled "Motion Not to Dismiss on Exhaustion or Not to Dismiss Claims Against Mr. Justin Teague." (Doc. 112.)

## II.    DISCUSSION

Plaintiff's March 9, 2026, filing will be stricken. As previously explained, a motion is considered fully briefed and deemed submitted once the period for filing any reply brief has passed. Here, the motion was considered fully briefed and submitted when Defendant Teague filed his reply on February 20, 2026.

Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a sur-reply as a matter of right. This Court's Local Rules pertaining to motions in prisoner actions provide for the filing of a motion, an opposition, and a reply. Local Rule 230(*l*); *see Garcia v. Biter*, 195 F.Supp.3d 1131, 1133-34 (E.D. Cal. July 18, 2016) (noting the plaintiff did not have a right to file a sur-reply under the local rules or under the Federal Rules of Civil Procedure). This rule also states that "[a]ll such motions will be deemed submitted when the time to reply has expired." Local Rule 230(*l*). Rule 230 also provides as follows:

> (m) Supplementary Material. After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval except:
>
> (1) Objection to Reply Evidence. If new evidence has been submitted with the reply brief, the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply Evidence stating its objections to the new evidence. The Objection to Reply Evidence may not include further argument on the motion.

(2) Notice of Supplemental Authority. Any party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

Local Rule 230(m).

District courts have discretion to permit or preclude a sur-reply. *Garcia*, 195 F.Supp.3d at 1133. While courts are required to provide pro se litigants leniency, the Court generally views motions for leave to file a sur-reply with disfavor and will not consider granting a motion seeking leave to file a sur-reply absent good cause shown. *Id*.

Plaintiff did not have the right to file a sur-reply, nor did he seek the Court's leave to do so. A review of the March 9 filing reveals Plaintiff simply continues to argue in opposition to Defendant Teague's motion for summary judgment re exhaustion. (*See* Doc. 112.) But Plaintiff's apparent desire to have the final word is not an adequate basis upon which to allow him to file a sur-reply. See *Garcia*, 195 F.Supp.3d at 1134. Even assuming Plaintiff's sur-reply was an objection to new evidence submitted in Defendants' reply briefs, Plaintiff's submission is untimely. Rule 230(m)(1) provides a party with "seven (7) days after the reply is filed" to submit any objections. Plaintiff signed and served his document on March 3, 2026. (*See* Doc. 112 at 3, 40.) Because Defendant Teague's reply was filed on February 20, 2026, objections were due on or before February 27, 2026. Therefore, Plaintiff's March 3, 2026, submission is untimely.

Because Plaintiff did not seek the Court's permission to file a sur-reply, and because the filing was untimely, it will be stricken.

### III.    ADDITIONAL DISCUSSION REGARDING CHANGES OF ADDRESS

A review of the docket for this action reveals that on December 4, 2024, Plaintiff filed a Notice of Change of Address, stating he was then housed at High Desert State Prison (HDSP). (*See* Doc. 63.) Accordingly, the docket has reflected the following: "Christopher John Wilson, BN-1905, HIGH DESERT STATE PRISON (3030), P.O. Box 3030, Susanville, CA 96127-3030." All orders issued by this Court since that date[2] have been served to Plaintiff at HDSP.

---

[2] Beginning with the Court's December 10, 2024, order through its previous order issued on February 19,

Since December 4, 2024, Plaintiff has filed *eight* additional notices of change of address (*see* Docs. 66, 87, 94, 101, 102, 104, 108 & 111), but his address has not changed. He remains housed at HDSP and there is no indication that he will stop filing such frivolous notices on his own.

This Court's Local Rules require a notice of change of address where there has been a change in a pro se party's address (*see* Local Rules 182(f) & 183(b)); here, there has been *no change* in Plaintiff's address since early December 2024. Unwarranted notices tax the Court's limited resources, requiring Court staff to expend time on unnecessary tasks. Until Plaintiff is transferred *from* HDSP to another facility, he shall *cease filing* such notices. Should Plaintiff continue to file unnecessary and unwarranted change of address notices where no change has occurred, the undersigned may recommend that this action be dismissed for a failure to obey the Local Rules and this Court's orders.

### IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1.  Plaintiff's filing of March 9, 2026, a sur-reply, is **STRICKEN**;

2.  Plaintiff **SHALL** cease filing unnecessary change of address forms; and

3.  Defendants' motions for summary judgement re exhaustion will be decided in due course. No further briefing is permitted.

IT IS SO ORDERED.

Dated:    **March 13, 2026**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

---

2026, for a total of approximately 15 orders or minute orders.

4