UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>Defendants. | Case No.: 1:21-cv-00196-KES-EGC (PC)<br><br>**ORDER GRANTING DEFENDANT TEAGUE'S REQUEST TO EXTEND THE DISPOSITIVE MOTION DEADLINE IN PART**<br><br>(Doc. 115)<br><br>**ORDER VACATING DISPOSITIVE MOTION FILING DEADLINE** |

Plaintiff Christopher John Wilson is appearing pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs and failure to protect claims against Defendant Son and Eighth Amendment excessive force claim against Defendant Teague.

**I.      RELEVANT BACKGROUND**

On October 21, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 92.)

On January 21, 2026, Defendants Son and Teague filed separate motions for summary judgment alleging Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Docs. 98 & 99.) Plaintiff filed an opposition (Doc. 105) and Defendants filed replies (Docs. 106 & 110).

On May 8, 2026, Defendant Teague filed a request to extend the dispositive motion

deadline to 30 days after the Court issues its order on the pending exhaustion-based summary judgment motion, or, alternatively, to June 22, 2026. (Doc. 115.)

**II.    DISCUSSION**

Relevant here, the scheduling order set a dispositive motion filing deadline of May 22, 2026. (*See* Doc. 92.) Defendant Teague seeks an extension of that deadline to a date 30 days after the Court's order regarding Teague's motion for summary judgment re exhaustion issues, or, alternatively, for a 30-day extension to June 22, 2026. (Doc. 115.) Teague contends his pending motion, if granted, would dismiss the claim against him for Plaintiff's failure to exhaust administrative remedies prior to filing suit. (*Id*. at 2.) Further, Teague asserts that in the absence of an extension of time, he will be required to expend substantial time and effort prepare a substantive summary judgment addressing the merits of Plaintiff's claims, including "obtaining declarations from County witnesses and lodging video exhibits with the Court." (*Id*.) Further, defense counsel declares she "has multiple deadlines to file dispositive motions due the same week in May" and is presently "preparing for a mock trial in another matter." (*See* Doc. 115-1, ¶¶ 3-4.)

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Here, a review of Defendant Teague's request, as well as a review of the docket for this action, reveals good cause to modify the scheduling order. *Johnson*, 975 F.2d at 609. Both Defendants' exhaustion-based summary judgment motions are pending determination by the

Court. (Docs. 98 & 99.) Although both motions are fully briefed, this Court is one of the busiest district courts in the nation and delays, while unfortunate, are inevitable. The undersigned will issue findings and recommendations on both motions in due course. In this action, the Court finds it prudent to vacate the dispositive motion deadline of May 22, 2026, and to reset the deadline, if necessary, following issuance of the assigned district judge's order regarding the pending motions.

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1.  Defendant Teague's request to extend the dispositive motion deadline (Doc. 115) is **GRANTED IN PART**;

2.  The May 22, 2026, deadline for filing dispositive motions is **VACATED**;

3.  The undersigned will issue findings and recommendations concerning the pending exhaustion-based summary judgment motions in due course; and

4.  The Court will reset the deadline for filing dispositive motions, if necessary, after the assigned district judge has issued his order concerning the pending exhaustion-based summary judgment motions.

IT IS SO ORDERED.

Dated:    **May 11, 2026**                    _____
                                            UNITED STATES MAGISTRATE JUDGE

3