UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN LITTLE BEAR WILSON,

Plaintiff,

v.

TUOLUMNE COUNTY, et al.,

Defendants.

Case No.: 1:21-cv-00196-KES-EGC (PC)

**ORDER REGARDING PLAINTIFF'S NOTICES FILED MAY 18, 2026**

Plaintiff John Little Bear Wilson, formerly known as Christopher John Wilson, is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      RELEVANT BACKGROUND**

On March 16, 2026, the Court issued its order, in relevant part, directing Plaintiff to cease filing unnecessary notices of change of address. (Doc. 113.)

On May 18, 2026, Plaintiff filed a Notice of Change of Address (Doc. 117) and a "Motion Upon a Councel [sic] Action – Tuolumne County with Lawyers Present," docketed by the Clerk of the Court as a "Notice" (Doc. 118).

On May 19, 2026, the Clerk of the Court updated the docket for this action to reflect Plaintiff's name change.[1]

**II.      DISCUSSION**

Initially, the Court addresses Plaintiff's May 18, 2026, Notice of Change of Address. As indicated above, Plaintiff was previously ordered to "cease filing unnecessary change of address

---

[1] A search of the California Department of Corrections and Rehabilitation (CDCR)'s California Incarcerated Records and Information Search (CIRIS) tool using Plaintiff's CDCR number confirms the name change. *See* https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BN1905, last accessed 5/20/2026.

forms." (Doc. 113 at 4.) More specifically, Plaintiff was advised that until he "is transferred *from* HDSP to another facility, he shall *cease filing* such notices." (*Id.*, italics in original.) Plaintiff's most recent change of address notice does *not* involve a move or transfer "*from* HDSP to another facility." As a result, the Clerk of the Court made no change. The docket for this action continues to reflect the following address for Plaintiff: "John Little Bear Wilson, BN-1905, HIGH DESERT STATE PRISON (3030), P.O. Box 3030, Susanville, CA 96127-3030, PRO SE." Again, until Plaintiff is transferred from High Desert State Prison to another facility, submitting any notice of change of address form is unnecessary and inappropriate. Plaintiff's bed or housing moves do not equate to a transfer from one prison to another prison. Because Plaintiff's cell assignment is not included on the docket as a part of his address, a change to that information is simply irrelevant. Plaintiff shall cease filing such notices.

Next, the Court addresses Plaintiff's May 18, 2026, simultaneously filed notice. Plaintiff states: "I was sent on my Tablet there was a Closed Session Conference with Legal Counsel Initioution [sic/indecipherable] of Litigation, with County Administrator of Tuolumne County with the following …." (Doc. 118 at 1.) Thereafter, Plaintiff records this fully information:

| | | |
|---|---|---|
| Results | Approved | |
| Moves | Kathleen Haff | Dist 4 Supervisor |
| Seconder | Danniel Kirk | Dist 3 Supervisor |
| Ayes | 3-0 in favor | |

(*Id.* at 2.) Plaintiff then writes: "A retainer Agreement with Porter Scott. [¶] Closed Session – Christopher John Wilson v. Son et. al. U.S. Dist. Court Eastern Dist. Of Calif. Case No: 1:21-cv-00196-SKO. [¶] Determination of Insurance Coverage and border of defense." (*Id.*) Plaintiff asserts that as of May 6, 2026, he has "not been Told or Notified of any outcome or results to that Closed Session" and that he "thought what goes on with an Active Case all Parties are to be Notified and Received of Any Documents Purtaining [sic] to a Case." (*Id.*)

Plaintiff is advised that the Court is not aware of nor has it participated in any actions or closed sessions that involve the County of Tuolumne County, its administrators, or its counsel. Nor has any other party to this action filed any document with the Court advising it of any action

taken by Tuolumne County officials. As a result, there is nothing for the Court to notify Plaintiff about. To the extent Plaintiff believes Defendant Son and/or Defendant Teague are under an obligation to provide him notice of a closed session proceeding before Tuolumne County officials, he provides no authority to support his belief and the Court will not take any action on his notice to the extent he seeks some action from the Court.

At present, this action is guided by the Discovery and Scheduling Order issued October 21, 2025 (*see* Doc. 92), as modified by the Court's May 11, 2026, Order Granting Defendant Teague's Request to Extent the Dispositive Motion Deadline in Part and Order Vacating Dispositive Motion Filing Deadline (*see* Doc. 116). Defendants Son and Teague's fully briefed exhaustion-based summary judgment motions remain pending determination by the Court. As previously indicated, "this Court is one of the busiest district courts in the nation and delays, while unfortunate, are inevitable" and the undersigned "will issue findings and recommendations on both motions in due course." (*Id*. at 3.) Simply put, until the undersigned issues findings and recommendations on Defendants' pending motions, and the assigned district judge issues an order adopting or declining to adopt those findings and recommendations, no further action from the parties is anticipated by the Court.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.   Plaintiff **SHALL** cease filing notice of change of address forms *unless* he is transferred from High Desert State Prison to some other correctional facility;

2.   Plaintiff's "Motion Upon a Councel [sic] Action – Tuolumne County with Lawyers Present," docketed as a "Notice," is **RESOLVED** and no further action will be taken.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

_____
UNITED STATES MAGISTRATE JUDGE