UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LITTLE BEAR WILSON,<br>Plaintiff,<br>v.<br>TUOLUMNE COUNTY, et al.,<br>Defendants. | Case No.: 1:21-cv-00196-KES-EGC (PC)<br>**ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR STATUS**<br>(Doc. 122) |

Plaintiff John Little Bear Wilson, formerly known as Christopher John Wilson, is appearing pro se and *in forma pauperis* in this civil rights action.

## I. INTRODUCTION

On September 28, 2026, Plaintiff filed a document titled "Motion: In response To Follow up," docketed as a motion for status. (Doc. 122.) Therein, Plaintiff states "it has been some time" since he has "heard any disposition" about this case. He states he was last notified "on the fact of did [he] file [his] grievance all the way to the Sheriff's Office," stating that he has proved beyond a reasonable doubt that he followed all procedures. Plaintiff further states it is not his "fault the Sheriff at the time did not follow procedures." He maintains enough time "has lapsed" and he feels "that now its improper negligence, undue delay, and is a purpose of harassment." Next, Plaintiff states: "I am asking if they are willing to settle out of Court to a certain amount" and that if "they are not wanting" to settle, he requests "to [proceed] to a jury decision."

The Court finds a response from Defendants to be unnecessary.

**II. DISCUSSION**

As best the Court can discern, it appears Plaintiff believes Defendants' motions for summary judgment concerning exhaustion have been resolved. Plaintiff is mistaken. The Court has not yet issued findings and recommendations concerning Defendants' pending motions.

Defendant Teague and Defendant Son filed their summary judgment motions on January 21, 2026. (Docs. 98 & 99.) Plaintiff filed an opposition to Defendant Teague's motion on February 6, 2026 (Doc. 103), and an opposition to Defendant Son's motion on February 9, 2026 (Doc. 105). Defendant Son replied on February 17, 2026 (Doc. 106) and Defendant Teague replied on February 20, 2026 (Doc. 110). Therefore, the motions have been submitted for decision. *See* Local Rule 230(*l*). Nevertheless, no findings and recommendations have been issued by the undersigned. Until a determination is made concerning whether Plaintiff properly exhausted his administrative remedies, this action will not proceed to trial.

This Court is currently experiencing a continuing judicial emergency.[1] All judges in this district carry very heavy caseloads. The undersigned has dozens of pre-trial motions in prisoner civil rights cases alone awaiting her attention. (*See also* Doc. 116 at 3 ["Although both motions are fully briefed, this Court is one of the busiest district courts in the nation and delays, while unfortunate, are inevitable"].) While the Court understands Plaintiff's frustration concerning the pace of this litigation, delays are inevitable. Defendants' pending summary judgment motions concerning the exhaustion of administrative remedies will be addressed in due course.

To the extent Plaintiff believes Defendants or defense counsel have acted improperly or otherwise caused the delay of these proceedings, the Court cannot agree. Defendants filed their pending motions in a timely manner. (*See* Doc. 92 [scheduling order].) And on May 11, 2026, the Court vacated the previously issued scheduling order and indicated it would "issue findings and recommendations concerning the pending exhaustion-based summary judgment motions in due course." (Doc. 116 at 3.) Therefore, the Court will take the next required action by issuing

[1] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

findings and recommendations; again, in due course and in light of the continuing judicial emergency.

Plaintiff is advised that while Defendants opted not to participate in early settlement conference proceedings (*see* Doc. 91), Plaintiff may seek to settle his case informally at any time. Such informal negotiations would not involve the Court and if the parties were to settle this action informally, a notice of settlement must be filed with the Court. *See* Local Rule 160.

In summary, the Court has not yet issued a ruling on whether Plaintiff has exhausted his administrative remedies. It will do so in due course. The parties should expect continued delays as a result of the continuing judicial emergencies in this district. No further action is anticipated by the parties at this time. The parties may, but are not required to, engage in informal settlement negotiations. Lastly, this action will not be set for trial until all pretrial motions, including any merits-based or dispositive motions, have been adjudicated.

**III. CONCLUSION AND ORDER**

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that Plaintiff's motion for status (Doc. 122) is **GRANTED** and that the issues raised therein have been **RESOLVED**.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE